H. M. GOOD

*v.*

STATE OF ILLINOIS.

*Opinion filed September 20, 1920.*

WORKMAN'S COMPENSATION ACT—*when State liable thereunder.* Claimant was injured while operating a trench machine, near Lockport, Ill., while in the employe of the Penitentiary Commission, and filed his claim for hospital and medical services, and compensation. *Held.* that the claim might well be considered as falling within Section Three (3) Par. Two (2) Workman's Compensation Act.

RESPONDEAT SUPERIOR—*claim may be allowed on ground of equity and social justice.* While the doctrine of *Respondeat Superior* is not applicable to the State in the exercise of its governmental functions, yet under the circumstances of the case the court, having in mind the purpose for which it was created, and no objection being made by the State, upon principles of equity and justice, may award to the claimant a fair and just compensation.

Edward J. Brundage, Attorney General, for State.

This is a claim of R. M. Good for compensation on account of injuries received in operating a trench machine while in the employ of the Penitentiary Commission and engaged in the work of building the new Illinois State penitentiary located near Lockport, Illinois. The claim submitted by the claimant is for hospital and medical charges and compensation for thirty weeks at the rate of 50 per cent of $31.25 per week, the total claim being two hundred sixty-four dollars and thirty-seven cents ($264.37). The measure of compensation sought is the provision of the Workmen's Compensation Act, section 8, paragraph 3, Illinois Statute. The facts in this case are not disputed. The State has filed a demurrer and takes the position that it is not legally liable for compensation or in damages in cases of this kind. In the opinion of the Court the only proposition under which the claimant shows a basis of liability is under section 3 of the Workmens' Compensation Act referred to in that the undertaking in which the State and the employee who is the claimant here were engaged at the time of the injury complained of, might well be considered to fall within the classification of section 3, paragraph 2 of the Workmens' Compensation Act. While it is well settled that the State and the conduct of State institutions exercises a governmental function and that there can be no recovery arising in tort at such institutions. It is not necessary however that the Court determine in this case the question of legal liability of the State as the circumstances of this case are such that the Court with a view to the exercise of the function for which it was

created and to do equity and social justice may justly and fairly award compensation to the claimant and no objections is made by the State to the entry and award of a fair and just compensation to the claimant herein. It is the opinion of the Court that the sum of two hundred sixty-four dollars and thirty-seven cents ($264.37) is a fair and just compensation and we accordingly award the sum of two hundred and sixty-four dollars and thirty-seven cents ($264.37).